FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

2013 APR 16 A 11: 35

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

| | |
|---|---|
| US FOODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:13CV231 |
| ) | |
| J. PHILIP CORNETT, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, US FOODS, INC. ("US Foods"), by and through its undersigned counsel, alleges the following causes of action for breach of contract and other relief against Defendant J. PHILIP CORNETT ("Cornett"):

### The Parties

1. Plaintiff US Foods is a Delaware corporation with its principal place of business at 9399 West Higgins Road, Suite 600, Rosemont, Illinois 60018. US Foods is registered as a foreign corporation licensed to do business in the Commonwealth of Virginia. US Foods is one of America's leading foodservice distributors to restaurants, healthcare and hospitality facilities, government operations and educational institutions across the country, including in the Commonwealth of Virginia.

2. Upon information and belief, Defendant J. Philip Cornett a/k/a James Philip Cornett is an individual and resident of the Commonwealth of Virginia, residing at 5908 Three Chopt Road, Richmond, Virginia 23226.

## Jurisdiction and Venue

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and an amount in controversy exceeding $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Cornett resides in this judicial district.

## General Allegations

5. From as early as September 2009, US Foods supplied various food and food related products to Cornett Hospitality, LLC – a restaurant operating company doing business as Hooters, Topeka's and Max & Erma's.

6. In connection with these transactions, Cornett Hospitality, LLC ("Cornett Hospitality") entered into that certain Customer Account Application and Agreement (the "Credit Agreement") dated as of September 10, 2009. A true and correct copy of the Credit Agreement is attached hereto as Exhibit A and incorporated herein by reference.

7. Cornett, as Chairman of Cornett Hospitality, and having a financial interest in the company, personally guaranteed all payments for these transactions between the parties.

8. On or about December 2, 2009, Cornett executed a Personal Guaranty (the "Guaranty") for the benefit of Plaintiff. A true and correct copy of the Guaranty is included in Exhibit A and incorporated herein by reference.

9. In the Guaranty, Cornett "personally and unconditionally guaranties the payment by [Cornett Hospitality] to [US Foods] of all amounts due and owing now, and from time to time hereafter ("Liabilities"), from [Cornett Hospitality] to [US Foods]." *See* Exhibit A, pg. 4.

10. In the Guaranty, Cornett also "agrees to pay all costs, expenses and fees, including reasonable attorneys' fees and expenses, which may be incurred by [US Foods] in

enforcing this Guaranty or protecting their rights following any default on the part of [Cornett]." *See* Exhibit A, pg. 4.

11. Cornett also agreed "that an interest charge of one and one-half (1 + ½ %) percent per month or the maximum rate that Guarantor may lawfully contract to pay, whichever is less, and in all events calculated in accordance with applicable law, shall be assessed on any amount due and owing to [US Foods] by [Cornett] under this Guaranty until collected." *See* Exhibit A, pg. 4.

12. On May 1, 2012, Cornett Hospitality executed a Promissory Note in favor of US Foods for past due amounts owing on purchases it made with US Foods under the Credit Agreement. A true and correct copy of the Promissory Note is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.

13. Cornett Hospitality has defaulted under the Promissory Note and has failed to pay the full amounts due and owing there under.

14. In addition to defaulting under the terms of the Promissory Note, Cornett Hospitality has also failed to pay for other goods and services ordered, delivered, received, and accepted from US Foods as reflected on invoices sent to Cornett Hospitality.

15. Neither Cornett Hospitality or Cornett have paid the total amounts due and owing to US Foods under the Credit Agreement or the Promissory Note.

16. As of March 31, 2013, the total amounts due and owing to US Foods, exclusive of interest, was $309,522.92.

## COUNT I
## BREACH OF CONTRACT – GUARANTY AGREEMENT

17. US Foods incorporates the allegations in paragraphs 1 through 16 above as if fully set forth herein.

18. Cornett is liable for the obligations and indebtedness of Cornett Hospitality under the Credit Agreement and Promissory Note.

19. Cornett entered into a valid and enforceable contract when he executed the Guaranty.

20. US Foods has performed and fulfilled all of the terms and conditions of the Guaranty that it agreed to perform and fulfill.

21. Cornett is now liable for all amounts due and owing to US Foods.

22. Cornett is in breach of the Guaranty for failing to pay the amounts due and owing to US Foods.

23. Cornett waived the right to a jury trial in the event of litigation arising from the Guaranty. *See* Exhibit A at pg. 4.

24. US Foods has been required to retain legal counsel for the prosecution of this action and efforts to recover the amounts due and owing to US Foods, for which is it entitled to recover its attorneys' fees and litigation expenses under the Guaranty. *See* Exhibit A at pg. 4.

**WHEREFORE**, Plaintiff respectfully requests:

A. A judgment in favor of Plaintiff and against J. Philip Cornett on Plaintiff's claim for breach of the Guaranty in an amount to be determined at trial;

B. A judgment in favor of Plaintiff and against J. Philip Cornett for Plaintiff's reasonable attorneys' fees and litigation expenses; and

C. Such other and further relief as the Court deems just and reasonable.

## COUNT II
### (In the alternative to Count I)
### UNJUST ENRICHMENT

25. US Foods incorporates the allegations in paragraphs 1 through 16 above as if fully set forth herein

26. US Foods provided food and food related products to Cornett Hospitality, under the agreement that Cornett would be liable for payment if Cornett Hospitality did not pay.

27. Cornett Hospitality accepted the food and food related products, but failed to pay for them in full.

28. As Cornett guaranteed the payment of Cornett Hospitality to US Foods, he is responsible to US Foods for Cornett Hospitality's non-payment.

29. Neither Cornett Hospitality or Cornett has paid US Foods all amounts due and owing for the food and food related products provided and accepted, and as a result, US Foods has been damaged.

**WHEREFORE,** Plaintiff respectfully requests:

D. A judgment in favor of Plaintiff and against J. Philip Cornett on Plaintiff's claim for unjust enrichment in an amount to be determined at trial;

E. Such other and further relief as the Court deems just and reasonable.

231121.2

Date: April 16, 2013                                Respectfully Submitted,

                                                    _____
                                                    Vishant Manu Krishnan (VA Bar No. 82308)
                                                    Bryan Cave LLP
                                                    1155 F Street, N.W.
                                                    Washington, D.C. 20004
                                                    Tel: (202) 508-6179
                                                    Fax: (202) 220-7479
                                                    Email: manu.krishnan@bryancave.com
                                                    *Attorney for US Foods, Inc.*

Of Counsel:
Brandy R. McMillion (IL Bar No. 6294679)
Bryan Cave LLP
161 N. Clark St, Suite 4300
Chicago, IL 60601
Tel: (312) 602-5141
Fax: (312) 698-7541
Email: brandy.mcmillion@bryancave.com
*Attorney for US Foods, Inc.*